Matthew T. Miklave
Kevin R. Brady
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
Tel: 212.351.4500
MMiklave@ebglaw.com
KRBrady@ebglaw.com

Attorneys for Defendant
  Verizon Communications Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVATORE DISTEFANO and SEBASTIAN TARAVELLA,<br><br>                              Plaintiffs,<br><br>- against -<br><br>COMMUNICATIONS WORKERS OF AMERICA, LOCAL 1101 and VERIZON COMMUNICATIONS, INC.,<br><br>                              Defendants. | 10-CV-1166(LTS)(FM)<br><br>**ECF CASE** |

**DEFENDANT VERIZON COMMUNICATIONS INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
<u>DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

SUMMARY OF FACTS ...................................................................................................... 2

ARGUMENT ........................................................................................................................ 5

POINT I        THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER
               PLAINTIFFS' CLAIMS AGAINST VERIZON UNDER THE *ROOKER-
               FELDMAN* DOCTRINE ............................................................................ 5

POINT II       THE MANDATORY WAIVER PROVISION OF THE WHISTLEBLOWER
               LAW BARS PLAINTIFFS' CLAIMS IN THE AMENDED COMPLAINT ........ 7

POINT III      THE NEW YORK WORKERS' COMPENSATION LAW PREEMPTS
               PLAINTIFFS' NEGLIGENCE CLAIMS ..................................................... 9

POINT IV       THE CLAIM PRECLUSION DOCTRINE BARS THE AMENDED
               COMPLAINT AGAINST VERIZON .......................................................... 10

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Beharry v. M.T.A. New York City Transit Auth.*,
No. 96 Civ. 1203, 1999 WL 151671 (S.D.N.Y. Mar. 17, 1999) .................................................6

*Brown v. St. Louis Police Dept.*,
691 F.2d 393 (8th Cir. 1982) ....................................................................................................10

*Classic Tool Design, Inc. v. Castrol Indus. North America, Inc,*
58 F. Supp.2d 313 (S.D.N.Y. 1999) .........................................................................................10

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991) .........................................................................................................2

*Deshpande v. TJH Med. Servs.*,
52 A.D.3d 648 (2d Dep't 2008) ................................................................................................7

*DiStefano and Taravella v. Verizon*,
Index No. 109311/2009 (N.Y. Sup. Ct. July 1, 2010) (Feinman, J.) .........................................1

*District of Columbia Court of Appeals v. Feldman*,
460 U.S. 462 (1983) ...................................................................................................................5

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,
544 U.S. 280 (2005) ...................................................................................................................5

*Fastag v. Kelly*,
No. 04 Civ 9307 2005 WL 1705529 (S.D.N.Y. July 19, 2005) .................................................6

*Feinman v. Morgan Stanley Dean Witter*,
193 Misc. 2d 496, 752 N.Y.S.2d 229 (Sup. Ct. N.Y. Cty. Nov. 15, 2002) ................................8

*Garner v. China Natural Gas, Inc.*,
71 A.D.3d 825 (2d Dep't 2010) .................................................................................................7

*Hayes v. Staten Island Univ. Hosp.*,
39 A.D.3d 593 (2d Dep't 2007) .................................................................................................8

*Hernandez v. City of New York*,
No. 98 Civ. 7237, 2000 WL 145749 (S.D.N.Y. Feb. 7, 2000) ..................................................6

*Hoblock v. Albany County Bd. of Elections*,
422 F.3d 77 (2d Cir. 2005) .........................................................................................................5

*Jean-Louis v. Am. Airlines*,
   No. 08 Civ. 3898, 2010 WL 3023943 (E.D.N.Y. July 30, 2010) ............................................. 9

*Kramsky v. Chetrit Group, LLC*,
   No. 10 CV 2638, 2010 WL 4628299 (S.D.N.Y. Nov. 16, 2010) .................................................. 8

*Marden v. Dinin*,
   22 F.Supp.2d 180 (S.D.N.Y.1998) ............................................................................................ 6

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
   465 U.S. 75 (1984) ................................................................................................................... 10

*Nicoletti v. New York City Dept. of Educ. Office of Legal Servs.*,
   No. 08 Civ. 11305, 2009 WL 4756508 (S.D.N.Y. Dec. 7, 2009) ............................................ 10

*Owitz v. Beth Israel Med. Ctr.*,
   No. 600331/03, 2004 WL 258087 (N.Y. Sup. Ct. N.Y. Cty. Jan. 29, 2004) ........................... 7

*Pasqualini v. MortgageIT, Inc.*,
   498 F.Supp.2d 659 (S.D.N.Y. 2007) ......................................................................................... 9

*Pipas v. Syracuse Home Ass'n*,
   226 A.D.2d 1097 (4th Dep't 1996) ............................................................................................ 8

*Reddington v. Staten Island Univ. Hosp.*,
   11 N.Y. 3d 80 (2008) ................................................................................................................. 8

*Rooker v. Fidelity Trust Co.*,
   263 U.S. 413 (1923) .................................................................................................................. 5

*Rotwein v. Sunharbor Manor Residential Health Care Facility*,
   181 Misc. 2d 847, 695 N.Y.S.2d 477 (N.Y. Sup. Ct. Nassau Cty. July 15, 1999) .................... 8

*Schwartz v. Society of New York Hospital*,
   251 A.D.2d 55 (1st Dep't 1998) ......................................................................................... 10, 11

*United States ex rel. Mikes v. Straus*,
   846 F. Supp. 21 (S.D.N.Y. 1994) .............................................................................................. 8

*Wang v. Paterson*,
   07 Civ. 2032, 2008 WL 5272736 (S.D.N.Y. Dec. 18, 2008) ..................................................... 2

*Xu v. City of New York*,
   No. 08 Civ. 11339, 2010 WL 3060815 (S.D.N.Y. Aug. 3, 2010) ............................................ 11

**STATUTES**

42 U.S.C. § 1981 ...................................................................................................................1, 3

N.Y. Lab. Law § 740 (McKinney 2009)..........................................................................1, 2, 8

N.Y. Lab. Law § 740(7) (McKinney 2009) ..............................................................................1

N.Y. Workers' Comp. Law § 29(6) (McKinney 2005) ............................................................9

## **PRELIMINARY STATEMENT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Verizon Communications Inc., incorrectly named "Verizon Communications, Inc," ("Verizon" or "Defendant"),[1] by its attorneys, Epstein Becker & Green, P.C., submits this Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Amended Complaint ("Amended Complaint").

Plaintiffs allege that Verizon unlawfully discriminated against them on the basis of their race, ethnicity and "cultural heritage" (Italian-American) in violation of the New York State Human Rights Law ("N.Y. Executive Law"), the New York City Human Rights law ("N.Y.C. Administrative Code") and 42 U.S.C. § 1981 ("Section 1981"). Plaintiffs also allege that Verizon is liable to them under theories of negligent supervision, negligent hiring and wrongful discharge (Plaintiff DiStefano only).

As set out in detail below, however, none of these claims survive scrutiny. Plaintiffs' Amended Complaint fails in its entirety because they seek to relitigate identical claims considered and rejected by the New York State Supreme Court in July 2010. *See DiStefano and Taravella v. Verizon*, Index No. 109311/2009 (N.Y. Sup. Ct. July 1, 2010) (Feinman, J.) ("*DiStefano I*"). Under the *Rooker-Feldman* Doctrine, Plaintiffs may not circumvent the judgment of the state court by filing this federal lawsuit.

Even if Plaintiffs' claims were not barred, however, the instant lawsuit would still be subject to dismissal. Plaintiffs' prior institution of an action in the New York State Supreme Court alleging a sole claim under Section 740 of the New York Labor Law ("Whistleblower

---

[1] While for purposes of this motion only, Verizon accepts the well pled allegations of Plaintiffs' Amended Complaint, Verizon notes that Plaintiffs have sued the wrong corporate defendant, as they were not employed by Verizon.

1

Law"), bars their N.Y. Executive Law, N.Y.C. Administrative Code claims, and their theories of negligent supervision, negligent hiring and wrongful discharge under the well established "waiver" provision of the Whistleblower Law. Even if Plaintiffs did not waive their theories of negligent supervision and negligent hiring, the exclusivity provision of the New York Workers' Compensation Law preempts those claims.

Finally, the doctrine of claim preclusion also bars the Amended Complaint against Verizon.

## SUMMARY OF FACTS[2]

In June 2009, Plaintiffs filed *DiStefano I* in New York State Supreme Court[3] alleging a sole cause of action under New York Labor Law § 740 ("Whistleblower Law") (Miklave Affidavit, Exhibit A).[4] In essence, Plaintiffs claimed that in the summer of 2007, Manager Robert Rios ("Rios") purportedly concocted a scheme by which he would pay field technicians under his supervision for a full day of work regardless of the number of hours they worked so long as they installed at least three fiber to premise jobs per day ("Scheme") (*See Id.* at ¶¶ 8-10). Plaintiffs claim that when they objected to the Scheme and refused to participate in it (their purported protected activity), Rios and Plaintiffs' co-workers allegedly began to harass and ostracize them. (*Id.* at ¶¶ 11-13, 15.) Plaintiffs claim that this conduct ultimately led to their

---

[2] While the facts set forth in the Complaint must be taken as true by the Court on a motion to dismiss, this should not be construed as an admission by Verizon that such allegations are true. Verizon will contest all material allegations in the Complaint in all appropriate contexts.

[3] Verizon's submission of the Complaint in *DiStefano I*, and other state court documents, does not convert this motion to dismiss into a motion for summary judgment. *See, e.g., Wang v. Paterson*, 07 Civ. 2032, 2008 WL 5272736, at * 4 (S.D.N.Y. Dec. 18, 2008) ("Defendant's inclusion of a copy of . . . the complaints filed in *Wang I* in their moving papers does not convert their motion for dismissal pursuant to Rule 12(b)(6) into a motion for summary judgment pursuant to Rule 56. The court may properly take judicial notice of public documents filed in an official proceeding in considering a motion to dismiss.") (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)).

[4] References to exhibits refer to the documents attached to the Affidavit of Matthew T. Miklave, hereafter referred to as "Ex. ___."

2

involuntary transfer from the Staten Island worksite and to Plaintiff DiStefano's ultimate termination of employment in July 2009.[5] (*Id.* at ¶ 16.)

In August 2009, Verizon filed a motion to dismiss the *DiStefano I* Complaint on the grounds that Plaintiffs had failed to state a claim under the Whistleblower Law. (Ex. B.) On February 16, 2010, while the motion to dismiss in *DiStefano I* was pending, Plaintiffs filed a Complaint with the District Court ("*DiStefano II*") against their union, Communications Workers of America, Local 1101 ("CWA"), claiming the CWA failed to fairly represent them. (Compl., p. 8, Feb. 16. 2010, ECF No. 1.) In *DiStefano II*, Plaintiffs alleged statutory and common law claims against the CWA based on the same facts as those alleged in *DiStefano I*, namely that the CWA's animus came from Plaintiffs' objections to the purported Scheme. (*Compare* Ex. A ¶¶ 6-12 with Ex. E ¶¶ 16(a)-16(g)). Three weeks later, in opposition to Verizon's motion to dismiss the state court *DiStefano I* litigation, Plaintiffs sought leave to file a Proposed Amended Complaint in that state court action to assert the following additional causes of action against Verizon: (1) intentional infliction of emotional distress; (2) violation of the N.Y. Executive Law; (3) violation of the N.Y.C. Administrative Code; (4) negligent retention; (5) negligent supervision; and (6) intentional discrimination under 42 U.S.C. § 1981. (Ex. C.)[6]

On July 1, 2010, the Court, Justice Paul G. Feinman, issued a Decision and Order ("Order"), granting Verizon's motion to dismiss the *DiStefano I* Complaint in its entirety on the ground that Plaintiffs failed to allege any conduct by Verizon that created a substantial and

---

[5] DiStefano's employment was terminated approximately one month after he filed his original complaint in *DiStefano I*, as alleged in the *DiStefano I* Proposed Amended Complaint. (Ex. C ¶ 40.)

[6] On March 3, 2010, the Court Feinman, J., granted Plaintiffs leave to serve and file a proper notice of cross-motion to correct their procedurally deficient initial response to Verizon's motion to dismiss in *DiStefano I*, and to present proof that Plaintiffs paid the cross-motion fee. Thereafter, Plaintiffs served a Notice of Cross-Motion to Amend the Complaint and In Opposition to Defendant's Motion to Dismiss the Complaint dated March 9, 2010 with a Proposed Amended Verified Complaint. (Ex. C.)

3

specific danger to the public health or safety, required by the Whistleblower Law. (Ex. D.) Justice Feinman also denied Plaintiffs' cross-motion for leave to file the Proposed Amended Complaint because he found that by the filing of the Whistleblower Law claim, Plaintiffs had waived all other related causes of action under the Whistleblower Law's waiver provision. (Ex. D, p. 4.)

Two weeks later, without providing notice to Verizon and without its participation in the *DiStefano II* proceedings, Plaintiffs obtained an order from this Court permitting the addition of Verizon as a defendant. (Order, July 16, 2010, ECF No. 11.) On July 29, 2010, having obtained leave to name Verizon as a defendant in the federal action, Plaintiffs filed an Amended Complaint asserting six claims against Verizon which are nearly identical to the claims Plaintiffs attempted to assert in the *DiStefano I* litigation,[7] all based on the same facts as set out in the *DiStefano I* litigation. In essence, having lost in their efforts to assert these claims in state court, Plaintiffs simply commenced a new action in federal court against Verizon to assert the identical claims. Plaintiffs' actions represent nothing more than an attempt to evade Justice Feinman's Order and the Whistleblower Law's waiver provision. (Exs. C, D and E.)

As shown below, Verizon's motion to dismiss the Amended Complaint should be granted, and Plaintiffs' lawsuit against Verizon should be dismissed with prejudice.

---

[7] Plaintiffs substituted their proposed intentional infliction of emotional distress claim in the first cause of action of the Proposed Amended Complaint in *DiStefano I*, and now allege a claim for wrongful discharge as their first cause of action in the *DiStefano II* Amended Complaint. (*Compare* Ex. C, pp. 9-11 with Ex. E, pp. 23-24.) The remaining five causes of action are identical. (*Id.*)

4

## ARGUMENT

### POINT I

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST VERIZON UNDER THE *ROOKER-FELDMAN* DOCTRINE

Verizon respectfully submits that this Court lacks subject matter jurisdiction over Plaintiffs' claims against it based on the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* Doctrine arose from the two United States Supreme Court decisions which gave the Doctrine its name, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In essence, the *Rooker-Feldman* Doctrine holds that the federal courts do not have jurisdiction to hear lawsuits brought by the losers in state court proceedings where those plaintiffs are inviting the federal court to review and reject the adverse state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Rooted in the federal courts' limited jurisdiction conferred by the Constitution and Congress, the *Rooker-Feldman* Doctrine cements the view that only the United States Supreme Court may review and overturn the decisions of state courts, and then only consistent with the grant of appellate authority established by Congress and the Constitution. As the Second Circuit Court of Appeals held in its landmark decision in *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005), "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."

In *Hoblock*, the Second Circuit explained that the *Rooker-Feldman* Doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock*, 422 F.3d 77, 85, *quoting Exxon Mobil*

5

*Corp.*, 544 U.S. at 284. "*Rooker* and *Feldman* thus established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Id.* Similarly, "[a] plaintiff ... may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. . . . Indeed, 'if it were otherwise, every disgruntled state court litigant could avoid the *Rooker-Feldman* doctrine in this way.'" *Fastag v. Kelly*, No. 04 Civ 9307 2005 WL 1705529, at *3 (S.D.N.Y. July 19, 2005) (citations omitted).

Verizon contends that by bringing their claims in this forum through an Amended Complaint, Plaintiffs are seeking this Court's reversal of the adverse decision they received in *DiStefano I*. As the facts make clear, prior to filing their claims against Verizon in this Court, Plaintiffs' commenced an action in New York State Supreme Court alleging that Verizon violated the Whistleblower Law. In response to Verizon's motion to dismiss that lawsuit for failure to state a claim, Plaintiffs cross-moved to file an Amended Complaint to allege additional claims. The state court, relying on its interpretation of the Whistleblower Law's waiver provisions, held that Plaintiffs could not assert those claims. Thus, the state court held that Plaintiffs mere filing of the *DiStefano I* action amounted to a waiver of all other claims.

Plaintiffs now bring these same claims to this federal forum, ignoring and seeking to circumvent the holding of the state court below. This is precisely the collateral challenge which *Rooker-Feldman* holds cannot be brought. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims against Verizon.[8]

---

[8] *See, e.g, Fastag, supra,* 2005 WL 1705529, at *3 n.32; *Hernandez v. City of New York*, No. 98 Civ. 7237, 2000 WL 145749, at *3 n. 5 (S.D.N.Y. Feb. 7, 2000) (dismissing race discrimination claim pursuant to *Rooker-Feldman*, even though petitioner did not raise discrimination in his Article 78 petition); *Beharry v. M.T.A. New York City Transit Auth.*, No. 96 Civ. 1203, 1999 WL 151671, at *8 (S.D.N.Y. Mar. 17, 1999) (holding *Rooker-Feldman* barred Plaintiff's due process claim); *Marden v. Dinin*, 22 F.Supp.2d 180, 185-86 (S.D.N.Y.1998) (holding *Rooker-Feldman* barred plaintiff's First Amendment claim).

6

## POINT II

## THE MANDATORY WAIVER PROVISION OF THE WHISTLEBLOWER LAW BARS PLAINTIFFS' CLAIMS IN THE AMENDED COMPLAINT

Even if Plaintiffs' claims against Verizon were not barred by the *Rooker-Feldman* Doctrine, Plaintiffs' "discrimination" and "harassment" claims under the N.Y. Executive Law and the N.Y.C. Administrative Code and Plaintiff's theories of negligent supervision, negligent hiring and wrongful discharge would nevertheless be barred by the "waiver" provision of the Whistleblower Law.

As noted above, in June 2009, Plaintiffs brought a claim in state court against Verizon alleging that by its conduct, Verizon violated the Whistleblower Law. (Ex. A ¶ 22.) The filing of that claim effectively waived all other causes of action.

Under the Whistleblower Law, Plaintiffs' "institution of [an action] shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." *See* N.Y. Lab. Law § 740(7) (McKinney 2009). New York courts have interpreted the Whistleblower Law's waiver provision to foreclose all other causes of action that "'arise out of the same acts' as those that gave rise to the [Whistleblower Law] claim, and/or . . . 'relate to' the retaliatory action(s) on which the [Whistleblower Law] claim is based." *Owitz v. Beth Israel Med. Ctr.*, No. 600331/03, 2004 WL 258087, at *3 (N.Y. Sup. Ct. N.Y. Cty. Jan. 29, 2004) (retaliation claims under state and city human rights law waived) (citations omitted); *see also Garner v. China Natural Gas, Inc.*, 71 A.D.3d 825, 827 (2d Dep't 2010) (holding plaintiff waived all causes of action "relating to" the alleged retaliatory discharge); *Deshpande v. TJH Med. Servs.*, 52 A.D.3d 648, 651 (2d Dep't 2008) ("[P]laintiff waived recovery under the second cause of action to the extent it arose

7

from the alleged retaliatory discharge."); *Hayes v. Staten Island Univ. Hosp.*, 39 A.D.3d 593, 593 (2d Dep't 2007) (breach of contract cause of action arose out of retaliatory discharge and therefore should have been dismissed); *Pipas v. Syracuse Home Ass'n*, 226 A.D.2d 1097, 1097 (4th Dep't 1996) ("The tort causes of action, which relate to the retaliatory discharge, are barred by plaintiff's election to assert a [Whistleblower Law claim].") (citations omitted); *Feinman v. Morgan Stanley Dean Witter*, 193 Misc. 2d 496, 497, 752 N.Y.S.2d 229, 231 (Sup. Ct. N.Y. Cty. Nov. 15, 2002) (plaintiff's age discrimination claim dismissed because it was related to same set of facts as those underlying his retaliatory discharge).

In this case, the *DiStefano II* Amended Complaint asserts alleged wrongs which are virtually identical to the alleged wrongs set out in the *DiStefano I* proposed Amended Complaint. Moreover, the fact that Plaintiffs attempted to withdraw their Whistleblower Law claim does not alter this conclusion. The institution – not the maintenance – of a Whistleblower Law claim triggers the waiver. *Hayes*, 39 A.D.3d at 593-94 ("[P]laintiff's attempt to amend the complaint to exclude the Labor Law § 740 cause of action did not nullify the waiver[.]") (*citing Owitz*, 2004 WL 258087, at *5); *see also Kramsky v. Chetrit Group, LLC*, No. 10 CV 2638, 2010 WL 4628299 at * 4 (S.D.N.Y. Nov. 16, 2010); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 24 (S.D.N.Y. 1994); *Reddington v. Staten Island Univ. Hosp.*, 11 N.Y. 3d 80, 87 (2008); *Rotwein v. Sunharbor Manor Residential Health Care Facility*, 181 Misc. 2d 847, 854, 695 N.Y.S.2d 477, 483 (N.Y. Sup. Ct. Nassau Cty. July 15, 1999).

Thus, the waiver provision of the Whistleblower Law bars Plaintiffs' claims in the Amended Complaint concerning the Scheme, which arise out of the same "underlying claims" alleged in *DiStefano I* (including DiStefano's termination of employment due to his purported opposition to the Scheme).

8

## POINT III

### THE NEW YORK WORKERS' COMPENSATION LAW PREEMPTS PLAINTIFFS' NEGLIGENCE CLAIMS

Assuming *arguendo* that neither the *Rooker-Feldman* Doctrine nor the waiver provisions of the Whistleblower Law bar Plaintiffs' claims against Verizon, the exclusivity provision of the New York Workers' Compensation Law preempts their theories of negligent supervision and negligent hiring.  *See, e.g.*, N.Y. Workers' Comp. Law § 29(6) (McKinney 2005) ("[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ"); *Jean-Louis v. Am. Airlines*, No. 08 Civ. 3898, 2010 WL 3023943, at *3 (E.D.N.Y. July 30, 2010) (noting "Courts routinely dismiss workplace negligence claims, including claims based on harassment and infliction of emotional distress, in light of the exclusive remedy provision of the Workers' Compensation statute") (collecting cases); *Pasqualini v. MortgageIT, Inc.*, 498 F.Supp.2d 659, 666-67 (S.D.N.Y. 2007) (granting Rule 12(b)(6) motion and dismissing claims for negligent hiring, supervision and retention as barred by the exclusivity provision of Workers' Compensation Law).

This settled authority holds that a plaintiff may not circumvent the exclusivity provisions of the New York Workers Compensation Law by seeking recovery via a negligent supervision or negligent hiring claim.  Accordingly, these causes of action should be dismissed on this independent basis.

## POINT IV

## THE CLAIM PRECLUSION DOCTRINE BARS
## THE AMENDED COMPLAINT AGAINST VERIZON

Finally, Verizon contends that the claim preclusion doctrine (also known as res judicata and collateral estoppel) also bars the Amended Complaint. Simply speaking, Plaintiffs are attempting to relitigate claims previously brought (or attempted to be brought) in *DiStefano I* and which a state court has already held cannot be brought.[9] *See Xu v. City of New York*, No. 08 Civ. 11339, 2010 WL 3060815, at *5 (S.D.N.Y. Aug. 3, 2010) (prior orders of state court judge concerning plaintiff's retaliatory discharge claim under New York state whistleblower law barred Plaintiff from relitigating them in federal court); *see also*, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) (where a plaintiff has brought civil rights claims against the same defendants in separate actions, the latter claims are barred); *Brown v. St. Louis Police Dept.*, 691 F.2d 393 (8th Cir. 1982) (prior state court action barred federal civil rights claim in federal court).

In his July 1, 2010 decision, Justice Feinman held that Plaintiffs could not file an amended complaint alleging these claims, including DiStefano's claims that Verizon unlawfully terminated him. (Ex. C, ¶ 40; Ex. D.) Established jurisprudence required DiStefano join his claims concerning his termination of employment in *DiStefano I*, and therefore, he cannot bring a separate federal lawsuit concerning that claim. *See, e.g.*, *Classic Tool Design, Inc. v. Castrol Industrial North America, Inc,* 58 F. Supp.2d 313 (S.D.N.Y. 1999) (barring new action against same defendants premised upon same underlying transaction asserted in prior dismissed state court action); *Schwartz v. Society of New York Hospital*, 251 A.D.2d 55 (1st Dep't 1998) (barring,

---

[9] Assuming *arguendo* that the above doctrines do not bar Plaintiff Taravella's Section 1981 claim, Taravella additionally fails to state a Section 1981 claim because he fails to allege any adverse employment action. *See Nicoletti v. New York City Dept. of Educ. Office of Legal Servs.*, No. 08 Civ. 11305, 2009 WL 4756508, at *3 (S.D.N.Y. Dec. 7, 2009) (granting 12(b)(6) motion to dismiss because plaintiff provides "scant detail and does not allege that she resigned, was terminated, or that she suffered an adverse employment action.")

10

pursuant to res judicata, reassertion of a cause of action for fraud in new action against the same defendants premised on same underlying cause of action). Dismissal of the *DiStefano I* Complaint (and denial of DiStefano's attempt to amend) is of no moment. Because DiStefano elected not to assert or was not able to assert claims, he cannot do so in a different lawsuit, whether asserted in state or federal court.[10]

## CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court dismiss the Complaint against Verizon in its entirety and with prejudice, and grant Verizon such other relief as the Court deems just and proper.

Dated: New York, New York
       March 31, 2011

EPSTEIN BECKER & GREEN, P.C.

*/s/ Matthew T. Miklave*
Matthew T. Miklave
Kevin R. Brady
250 Park Avenue
New York, New York 10177-1211
Tel: 212.351.4500
MMiklave@ebglaw.com
KRBrady@ebglaw.com

Attorneys for Defendant
   Verizon Communications Inc.

---

[10] *See, e.g., Schwartz*, 251 A.D.2d at 55 ("Since the Supreme Court concluded that plaintiff had not stated a cause of action for fraud and denied plaintiff leave to serve an amended complaint alleging fraud, it was incumbent upon plaintiff to challenge that ruling on appeal, and as he failed to do so, the disposition of his proposed fraud claim became final . . . barring, pursuant to the doctrine of res judicata, reassertion of a cause of action for fraud in this new action against the same defendants premised upon the same underlying transactions.")