UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

SALVATORE DiSTEFANO and
SEBASTIAN TARAVELLA,

          Plaintiffs,

-v-                                         No. 10 Civ. 1166 (LTS)(FM)

COMMUNICATIONS WORKERS OF
AMERICA, LOCAL 1101 and VERIZON
COMMUNICATIONS, INC.,

          Defendants.

------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiffs Salvatore DiStefano ("DiStefano") and Sebastian Taravella ("Taravella") (collectively "Plaintiffs") bring this action against Verizon Communications, Inc. ("Verizon"), asserting claims of what they characterize as racial discrimination (based on their Italian-American heritage) under 42 U.S.C. § 1981 ("§ 1981"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL") and the New York City Human Rights Law, New York City Administrative Code § 8-107 ("NYCHRL"), as well as common law tort claims of wrongful discharge, negligent retention and negligent supervision. Plaintiffs also bring claims against Communications Workers of America, Local 1101 ("Local 1101" and, with Verizon, "Defendants"), under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), for breach of the duty of fair representation owed to Plaintiffs under section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a) ("NLRA"), and violations of the collective bargaining agreement, as well as state law tort claims of intentional infliction of

emotional distress and assault and battery. Plaintiffs seek reinstatement, as well as back pay and lost benefits. Verizon moves to dismiss the amended complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Local 1101 moves for judgment on the pleadings pursuant to Rule 12(c). The Court has jurisdiction over Plaintiffs' federal and state law claims under 28 U.S.C. §§ 1331 and 1367. The Court has considered carefully all of the parties' submissions. For the following reasons, Defendants' motions will be granted.

## BACKGROUND

In their Amended Complaint, Plaintiffs allege that, at all times relevant to this action, they were employed by Verizon as Heavy Equipment Operators. (Am. Compl. ¶¶ 6-7). In the summer of 2007, DiStefano's supervisor Bob Rios ("Rios") implemented a scheme to inflate the hours totals of his workers. (Am. Compl. ¶ 16c). DiStefano opposed this scheme, informed Rios of its illegality and asked not to participate. (Id. ¶ 16f-g). In 2008, Taravella volunteered to work out of the Staten Island garage where Rios and DiStefano worked. (Id. ¶ 16zz). On Taravella's arrival, DiStefano informed him of Rios's scheme. (Id. ¶ 16aaa). Taravella also opposed the scheme and, in May of 2008, Plaintiffs disclosed the scheme to Verizon's Corporate Security Department. (Id. ¶ 16ddd). Plaintiffs allege that they were subjected to a campaign of harassment, discrimination and violence in response to their opposition to the scheme. (Id. ¶ 16eee). DiStefano was eventually terminated from his employment with Verizon; Taravella was not.

On June 30, 2009, Plaintiffs filed an action against Verizon in the Supreme Court of the State of New York, asserting a single cause of action for violation of the state whistleblower law, N.Y. Labor Law § 740 et seq. (Summons with Notice, Ex. A to Affidavit of Matthew

Miklave ("Miklave Aff.").) Plaintiffs also filed the instant action in federal court against Local 1101. On July 1, 2010, the state court dismissed Plaintiffs' complaint for failure to state a claim under the whistleblower law and denied Plaintiffs' motion to amend the complaint to include additional state and federal claims, on the grounds that the new claims had been waived pursuant to a provision in the whistleblower law that bars parties from bringing additional claims once they have filed suit under the whistleblower law. (Decision and Order, Ex. D to Miklave Aff.) Plaintiffs sought and received permission from this Court to file an amended complaint in this action (Docket No. 11), naming Verizon as a defendant and asserting substantially the same causes of action that they had attempted to add to their state court action. Verizon and Local 1101 then filed the instant motions.

## DISCUSSION

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is decided under the same legal standard as a motion to dismiss a complaint under Rule 12(b)(6). Ziembo v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004). In deciding a Rule 12(b)(6) motion, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

Plaintiffs' Claims Against Verizon

Federal courts are required to give the same claim preclusive effect to state court judgments that those judgments would be given in the courts of the state in which the judgments were rendered. See Sheffield v. Sheriff of Rockland County Sheriff Dept., 393 Fed. App'x 808, 811 (2d Cir. 2010). In New York, claim preclusion bars successive litigation of all claims where: (1) the claims are based on the same transaction or series of transactions; (2) there is a judgment on the merits rendered by a court of competent jurisdiction; and (3) the party against whom preclusion is asserted was a party to the previous action or is in privity with a party to the previous action. Id. When determining whether claims are part of the same transaction or series of transactions, "New York courts apply a 'pragmatic' test . . . examining 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unity conforms to the parties' expectations or business understanding or usage." Id. (citations omitted). Where a court of competent jurisdiction dismisses a party's complaint on the merits and denies leave to replead on the grounds that repleading would be futile, the court has rendered a decision on the merits for the purposes of claim preclusion. See Schwartz v. Society of New York Hosp., 251 A.D.2d 55, 55-56 (N.Y. App. Div. 1998).

In the instant action, Plaintiffs assert claims against Verizon arising from nearly identical facts as the whistleblower and related claims that were addressed in the prior state action. Although Plaintiffs assert that their claims for discrimination, retaliation, negligent supervision and negligent retention are sufficiently separate and distinct from the earlier whistleblower claim that these claims should not be precluded, the facts underlying both sets of claims are the same in terms of time, space and origin. They involve the same individuals, the same time period, the same alleged scheme to defraud Verizon, and much of the same alleged misconduct directed at Plaintiffs.

The claims in the instant action and those of the prior action form a convenient "trial unit," and their treatment as a unity conforms to common sense expectations and usage. Plaintiffs' attempt to assert the discrimination claims in the state action were rejected by the state court as barred under the election of remedies provision of the state whistleblower law, which provides that "the institution of an action [under that law] shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." N.Y. Labor Law § 740(7) (McKinney 2002 & Supp. 2012). Because the claims currently before the Court are part of the same series of transactions as those litigated in state court, Plaintiffs were parties to the state court action, and the claims were decided on the merits, Plaintiffs instant state law claims against Verizon are hereby dismissed as barred under the doctrine of claim preclusion.

    The state court also held that Plaintiffs' racial discrimination claim brought pursuant to 42 U.S.C. § 1981 was barred by the waiver provision of N.Y. Labor Law § 740(7). Because "an effort by New York to condition a state law right on the waiver of arguably unrelated federal rights would raise serious constitutional questions," Collette v. St. Luke's Roosevelt Hosp., 132 F. Supp. 2d 256, 265 (S.D.N.Y. 2001), this Court reviews the viability of Plaintiffs' section 1981 claim notwithstanding the finding of claim preclusion. Section 1981 is restricted specifically to claims of discrimination based on race or ethnicity and does not cover claims of discrimination based on national origin. See St. Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987) (holding that plaintiff must show that he was discriminated against for being born an Arab, not based on his national origin or religion, to state a claim under section 1981). Plaintiffs have alleged discrimination based on their Italian-American heritage, which is insufficient to state a cognizable section 1981 claim, and Plaintiffs' allegation that certain

African-American co-workers were similarly situated but not subjected to termination (Am. Compl. ¶ 16aaa) is insufficient, by itself, to state a claim that Plaintiffs were discriminated against on account of their race or ethnicity. Thus, Plaintiffs have failed to state a claim for racial or ethnic discrimination pursuant to section 1981 for which relief can be granted. Accordingly, Verizon's motion to dismiss all claims brought against it will be granted.

Plaintiffs' Claims Against Local 1101

Plaintiffs claims against Local 1101 will be dismissed for lack of standing. The requirement of constitutional standing "winnows out disputes that would be inappropriate for judicial resolution for lack of three constitutionally required elements: (i) an injury in fact (ii) that is fairly traceable to the defendant and (iii) that is likely to be redressed by a favorable decision." Amador v. Andrews, 655 F.3d 89, 99 (2d Cir. 2011) (citations omitted). "Similarly, the mootness doctrine ensures that the occasion for judicial resolution established by standing persists throughout the life of a lawsuit." Id.

In their prayer for relief, Plaintiffs seek back pay, the value of lost benefits and reinstatement of employment with no loss of contractual benefits on account of absences from work. Plaintiff Taravella has failed to allege facts that, if true, would entitle him to such relief, as the Amended Complaint does not allege Taravella was ever terminated or deprived of pay or benefits in connection with the subject events. As for Plaintiff DiStefano, Local 1101 would not have authority to reinstate him to his former position at Verizon even if the Court found Local 1101 liable on Plaintiffs' claims. Furthermore, according to the Amended Complaint, DiStefano's termination, along with the loss of pay and benefits, was the result, in part, of Local 1101's failure to grieve and arbitrate DiStefano's termination. However, Local 1101 has represented that the national union with which it is affiliated has "approved DiStefano's termination case for arbitration" (Def. Local 1101's Mem. in Supp. of Mot. for J. on the Pleadings p. 13), which

appears to render this aspect of the Amended Complaint moot. Thus, as Taravella has failed to allege an injury that would entitle him to the prayed for relief, and as DiStefano's claims for injuries traceable to Local 1101 and its failure to grieve or arbitrate may have been rendered moot, Plaintiffs' claims against Local 1101 are hereby dismissed in their entirety.

## CONCLUSION

For the foregoing reasons, Verizon's motion to dismiss the Amended Complaint and Local 1101's motion for judgment on the pleadings are granted, and the Amended Complaint is hereby dismissed. Should Plaintiffs seek to amend their pleadings as against Local 1101, they must file a motion seeking permission to do so within 30 days of the date of this Memorandum Order. In their motion papers, Plaintiffs must explain why their proposed claims against Local 1101 are not moot. If no timely motion is filed, or if Plaintiffs' motion to amend is denied, judgment dismissing the complaint may be entered without further advance notice.

This Memorandum Order resolves docket entry numbers 30 and 34.

SO ORDERED.

Dated: New York, New York
March 30, 2012

/s/ LAURA TAYLOR SWAIN
United States District Judge